**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4937**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

IRAN DEVON COOK,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge.  (5:06-cr-00161-D-1)

Submitted:  November 18, 2010        Decided:  December 1, 2010

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

William Dial Delahoyde, WILLIAM D. DELAHOYDE, PLLC, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Iran Devon Cook appeals from his conviction and 262-month sentence following his guilty plea to one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a) (2006); and one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Cook's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there are no meritorious issues for appeal, but questioning whether Cook received ineffective assistance of trial counsel. Cook, advised of his right to file a pro se supplemental brief, has not done so. The Government has moved to dismiss Cook's appeal based upon a waiver of appellate rights in his plea agreement.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Generally, if the district court questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The question of whether a defendant validly waived her right to appeal is a question of law that we review de novo. Manigan, 592 F.3d at 626.

Our review of the record leads us to conclude that Cook knowingly and voluntarily waived the right to appeal a sentence within the Guideline range established at sentencing. As Cook's sentence was within that range, he has waived review of his sentence. We thus grant in part the Government's motion to dismiss the appeal.

The appellate waiver does not, however, encompass the ineffective assistance of trial counsel claim raised by Cook's appellate counsel. Cook claims that counsel rendered ineffective assistance by failing to challenge Cook's criminal history and failing to argue for a sentence below the advisory Guidelines range. We conclude, however, that these claims must be considered in a post-conviction proceeding brought pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010), because counsel's alleged deficiencies do not conclusively appear on the record. See United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010); United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues not covered by the plea agreement's waiver of appellate rights. We therefore dismiss Cook's appeal in part and affirm in part. This court requires that counsel inform Cook, in writing, of the right to petition the Supreme Court of the United States for

3

further review.  If Cook requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Cook.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;<br>AFFIRMED IN PART